**Benjamin ABRAMS, Carmen Attilio and Jesse Hubert Vaughn, Petitioners,**

**v.**

**E. R. GOODWYN, Jr., Warden of Federal Correctional Institution; and Bureau of Prisons, Respondents.**

**Civ. A. No. 760.**

United States District Court
N. D. Florida,
Tallahassee Division.

Aug. 12, 1960.

272

Stewart Jack Carrouth, Tallahassee, Fla., for petitioner.

Edward L. Stahley, Asst. U. S. Atty., Tallahassee, Fla., for respondent.

CARSWELL, Chief Judge.

Application was filed by three prisoners at Federal Correctional Institution seeking writ of habeas corpus on the grounds that they were, individually, being denied computation for good time allowance by the Bureau of Prisons, which denial, they contend, violates the provisions of 18 U.S.C. § 4161 providing for such allowances. Applicants refer to Bureau of Prisons Manual Bulletin No. 484, dated March 4, 1959, wherein all federal penal correctional institutions were directed that Congressional amendment of 18 U.S.C. § 3651 (PL 85–741, 85th Congress, August 23, 1958) had the effect of denying application of the good time allowances provided by 18 U.S.C. § 4161 for all prisoners committed under such statutory amendment. Since the face of the petition itself showed that none of the prisoners were being illegally detained, in that even the allowance of good time would not have permitted their immediate release under lawful sentence, the application was treated by the Court as petition for declaratory decree. Counsel was appointed by the Court to represent the applicants and the United States was ordered to respond thereto on hearing.

All of applicants were sentenced under the provisions of 18 U.S.C. § 3651. Each was sentenced to six months confinement to be followed by thirty months probation.

It is clear that under the provisions of the good time allowances statute, supra, each of the applicants would be entitled to deduction from the term of his confinement for a total of five days for each month since their confinement was for "not less than six months and not more than one year." It is the contention of the Government that the 1958 amendment to 18 U.S.C. § 3651 has the effect of denying such good time allowances to any sentence thereunder because this particular statute provides for a maximum confinement of only six months and the good time allowances statute is applicable only to sentences of six months or over.

An examination of Section 3651 discloses that no reference is made to Section 4161. Certainly, there is no express language contained therein which would in effect change in any way the provisions of Section 4161. Moreover, it is quite clear that the Congressional intent as expressed in the 1958 amendment to Section 3651 was simply to provide the sentencing court with another area of discretion in the ageless attempt to make the punishment fit the crime. There is nothing anywhere to indicate Congressional intent to circumscribe good time allowances in this regard.

This being so, the Court finds merit in the application for each of subject prisoners, and order declaring their right to good time allowances, if otherwise qualified, is entered this day.